```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


MAXINE ELLIS,                    )
                                 )
                                 )    No. C10-1599  BZ
                                 )
            Plaintiff(s),        )    ORDER DENYING DEFENDANT
                                 )    SAFAR'S MOTION TO DISMISS
     v.                          )
                                 )
                                 )
DOTNEXT INC.; LEAPFISH INC.;     )
BEHNAM BEHROUZI; RUSSELL         )
SAFAR; DOES 1-10 inclusive,      )
                                 )
            Defendant(s).        )
                                 )
_____)
```

Before the Court is defendant Safar's motion to dismiss the fourth and seventh causes of action of plaintiff's complaint. Plaintiff concedes that the complaint is inadequate and requests leave to file an amended complaint which more specifically addresses Safar's status as her employer. Safar opposes granting leave on the grounds that it would be futile. For the following reasons, defendant's motion is **DENIED.**

Under the FLSA, "employer" is defined to include "any

1

person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). "The definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' and is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1469 (9th Cir. 1983). The Ninth Circuit uses a four factor test to determine if an individual qualifies as an employer under the FLSA: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1324 (9th Cir. 1991). Courts also consider ownership interest in making the determination. Boucher v. Shaw, 572 F.3d 1087, 1091-92 (9th Cir. 2009).

> The determination of whether an employer-employee relationship exists does not depend on 'isolated factors but rather upon the circumstances of the whole activity.' Rutherford Food Corp. v. McComb, 331 U.S. 722, 730(1947). The touchstone is the "economic reality" of the relationship. Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33 (1961).

Id. at 1091. In Lambert v. Ackerly the Court held that individual managers may in certain circumstances be held liable under the FLSA as employers. 180 F.3d 997 (9th Cir. 1999). That holding was reaffirmed in Boucher, although the individual defendants in Boucher did not contest whether they could be held liable.

Despite Safar's factual disagreement with plaintiff's

2

1  proposed amended allegations, I cannot find as a matter of law
2  that plaintiff's amendment would be futile.  Plaintiff alleges
3  that Safar participated in decisions regarding plaintiff's
4  pay, schedule, discipline, and termination.  Opp. p. 2.  Such
5  allegations are somewhat similar to those found sufficient in
6  <u>Lambert</u> and <u>Boucher</u>.  Further, there is significant case law
7  which supports imposition of individual liability under the
8  FLSA in a variety of circumstances.  See e.g. cases collected
9  in <u>Solis v. Universal Project Management, Inc.</u>, 2009 WL
10 4043362, 4-6 (S.D.Tex. 2009).

11     The Court is mindful that defendant Safar vigorously
12 disagrees with plaintiff's factual allegations contained in
13 her proposed amended complaint.  Such factual disagreements
14 are better addressed in a motion for summary judgment rather
15 than in a motion to dismiss.  Safar's motion to dismiss is
16 **DENIED**.  Plaintiff shall file a single amended complaint which
17 incorporates the supplemental complaint (Doc. No. 33) by
18 **JULY 30, 2010**.  Defendant Safar shall answer by **AUGUST 20,**
19 **2010**.

20 Dated: July 22, 2010

21                          _____
22                                 Bernard Zimmerman
                           United States Magistrate Judge

23

G:\BZALL\-BZCASES\ELLIS V. DOXNEXT\ORD DENYING MOT TO DISMISSBZ.wpd

3